### HICKOK v. COWPERTHWAIT et al.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

Appeal from Special Term, Kings County.

Action by Frank H. Hickok, as receiver of Frank H. Cowperthwait, insolvent, against Frank H. Cowperthwait, Frederick S. Cowperthwait, trustee, and Herman Capelle Company and another. From a judgment in favor of plaintiff, defendants Cowperthwait, Cowperthwait, trustee, and Capelle Company appeal. Affirmed.

See, also, 131 N. Y. Supp. 829.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

Hector W. Thomas (Lewis Squires, on the brief), for appellants Frederick S. Cowperthwait, trustee, and Herman Capelle Company.

Samuel Evans Maires, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the authority of Hickok v. Cowperthwait and Aymar, 131 N. Y. Supp. 829, decided herewith.

JENKS, P. J., and BURR and RICH, JJ., concur.

THOMAS, J. (dissenting). This action is brought to set aside as fraudulent transfers of 99 shares of the stock of the Brooklyn Chair Company by Frank H. Cowperthwait to his son Frederick S. Cowperthwait as trustee, and the transfer of 25 shares thereof by Frederick, trustee, to the Herman Capelle Company as collateral for two notes owned by Frank personally and discounted by such Capelle Company. In Hickok, as Receiver, v. Cowperthwait, Aymar, and Others, 131 N. Y. Supp. 829, I have considered transactions here involved and the transfer to the Capelle Company here particularly questioned, with the conclusion that, whatever the motive of Frank, the trustee did not participate in any fraudulent intention, and have pointed out that much of the evidence regarded as establishing the fraud of Frank was not received against the Herman Capelle Company, and some of it not received against the trustee. I am unable to discover any evidence that indicates in any degree fraud on the part of the Capelle Com-

pany. It is suggested that it received shares issued to a trustee to secure a note discounted. The note was discounted at the time the stock was received. What should the offering of the trusteed stock suggest? That a trustee was using trust funds to secure a personal loan to a third person? Then what? If the beneficiaries were complaining, the question might be arguable. But the person complaining is one who asserts that there was no trust, hence no trust estate, to be devastated, hence no beneficiaries, hence no fraud committed on a trust estate. This complainant's position seems to be that the Capelle Company, moved by the word "trustee" in the instrument, would upon investigation have found that Frederick was not a trustee, that the transfer to him was to defraud other creditors, tracing the transactions back from July 26, 1907, at least to June 29, 1904, and finding and weighing many acts that are not even admitted as evidence against it on the trial. The Capelle Company committed no fraud, it does not merit the finding of fraud and the ensuing judgment, and as to all appellants the judgment should be reversed, and a new trial granted; costs to abide the final award of costs.